IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

PHYLLIS COFIELD, )
)
    Plaintiff, )
)
v. ) CIVIL ACTION NO.
)
GOLD KIST, INC., ) 99-AR-2271-M
)
    Defendant. )

**ENTERED**
**NOV 1 2000**

## MEMORANDUM OPINION

Before the court is defendant's motion for summary judgment. Plaintiff, Phyllis Cofield ("Cofield"), alleges that defendant, Gold Kist, Inc. ("Gold Kist"), discriminated against her on the basis of her age and sex with respect to promotions, compensation, work assignments and other terms of her employment. She brings this action pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* For the reasons set forth in the opinion below, defendant's motion is due to be granted.

## PERTINENT AND UNDISPUTED FACTS

Gold Kist operates a chicken processing facility in Boaz, Alabama. The facility is divided into a Fresh Processing Plant and a Further Processing Plant. The Fresh Processing Plant is divided into two areas, Evisceration One and Evisceration Two. Cofield was

employed by Gold Kist at the Boaz facility beginning in 1970, and has worked in a variety of positions in both Evisceration One and Evisceration Two. From May 4, 1987, to the present, Cofield has been a Unit Manager II in the Fresh Processing Plant. The Unit Manager II reports to the Plant Superintendent. Cofield is approximately 49 years of age.

In September 1998, Cofield applied for a promotion to Plant Superintendent. The Plant Superintendent assists the Plant Manager in maintaining control of the operations and supervises the Unit Managers. Dewayne Bowen ("Bowen"), a Plant Superintendent at Cagle's, Inc., one of Gold Kist's competitors, was also considered for the position. The responsibilities associated with Bowen's Plant Superintendent position at Cagle's were "nearly identical" to those associated with the Plant Superintendent position at Gold Kist. Pla.'s Brief in Opp. at ¶39. On or around September 30, 1998, Bowen, approximately 35 years of age, was appointed to the Plant Superintendent position at Gold Kist. Lannie Stephens ("Stephens"), Division Manager at Gold Kist's Boaz facility, was responsible for making the Bowen hiring decision.

Cofield timely filed her discrimination charge with the Equal Employment Opportunity Commission ("EEOC") on February 16, 1999, which was within 180 days of the alleged discriminatory act. Cofield was issued a "right-to-sue" letter from the EEOC and filed

2

a complaint against Gold Kist on August 30, 1999.

## SUMMARY JUDGMENT STANDARD

Rule 56(c), F.R.Civ.P. provides that summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The Supreme Court has emphasized that this language means exactly what it says: there must be a **genuine** issue of **material** fact, not merely some factual dispute. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-248, 106 S.Ct. 2505, 2510 (1986). What this standard means in practice is that "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson, 477 U.S. at 249, 106 S.Ct. at 2511 (citing First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 88 S.Ct. 1575 (1968)).

On a defendant's motion for summary judgment, the court must look at the evidence, construed in plaintiff's favor, to see if a jury could return a verdict for plaintiff. If so, defendant's motion for summary judgment must be denied. If, however, there is no legitimate basis upon which a jury could return a verdict for plaintiff, defendant's motion must be granted.

## DISCUSSION

Ordinarily, Cofield's ADEA claim would be appropriately considered under the burden-shifting scheme first set forth in McDonnell-Douglas Corp. v. Green, 411 U.S. 792 (1973) ("McDonnell-Douglas"). Under McDonnell-Douglas, plaintiff bears an initial burden of making out a *prima facie* case of discrimination. Gold Kist, however, "does not dispute that [Cofield] can establish a prima facie case" with respect to the Bowen promotion decision.[1] As a result, the court need not conduct a McDonnell-Douglas analysis.

Cofield's *prima facie* case, however, only suffices to create a rebuttable presumption of discrimination. The burden falls upon Gold Kist's shoulders to articulate one or more nondiscriminatory reasons for not promoting Cofield to the position of Plant Superintendent. Gold Kist more than adequately meets this test with the affidavit of Stephens, who explained his decision to hire Bowen by saying that "[Bowen] worked in higher-level management positions than Ms. Cofield . . . [and] as Plant Superintendent [at Cagle's, his] responsibilities were broader than those exercised by Ms. Cofield in any position that she had" with Gold Kist.

---

[1] The court will not consider Cofield's allegations of sex and age discrimination in connection with the promotion of Scott Seabrook in 1996 because Cofield does not oppose Gold Kist's defense that these claims are time barred due to Cofield's failure to timely file an EEOC charge with respect to them.

According to Stephens, Bowen's prior experience as a Quality Assurance Manager at Gold Kist's Boaz facility and as a Plant Superintendent at Cagle's, made him more qualified than Cofield for the Superintendent position. Cofield did have many years of experience in a variety of positions at the Boaz facility, but she did not have <u>management</u> experience comparable to that of Bowen.

Cofield is not satisfied by Gold Kist's stated reasons for preferring another candidate, but this court cannot second-guess legitimate business judgments. Cofield argues that she was more qualified than Bowen, and/or that Gold Kist had an obligation to prefer current employees over newcomers. The truth of the matter is that "longevity of service and one's own subjective appraisal of one's accomplishments alone clearly do not establish that an individual is more 'qualified' for a given position than someone else." <u>Huchsermeyer v. AT&T Communications</u>, 746 F.Supp. 99, 103 (N.D. Ga. 1990), <u>aff'd</u>, 929 F.2d 706 (11th Cir. 1991). Even if Stephens exercised bad or questionable judgment in making his hiring decision, a conclusion this court may not make and does not suggest, Gold Kist's failure to promote Cofield does not support a claim unless it was made on account of her age.

Because Gold Kist has articulated legitimate, nondiscriminatory reasons for hiring Bowen instead of promoting Cofield, Cofield's claim can only survive if she presents evidence sufficient to lead a reasonable jury to infer pretext on Gold Kist's part. The court concludes that Cofield fails in this

5

regard. To support her contention that Gold Kist's purported reasons are merely pretextual, Cofield asserts that Gold Kist's engaged in "subjective decision-making for promotional decisions", and that the decision not to promote Cofield did not "make good sense." Pla.'s Brief in Opp., p. 15-17. Essentially, Cofield is arguing, all over again, that her qualifications are superior to those of Bowen. The court fails to see how discriminatory intent can be fairly deduced from the fact, assuming it to be a fact, that the employer employed its abilities to make subjective judgments. Moreover, Cofield supports her arguments by citing case law that has no precedential value in the Eleventh Circuit. Cofield fails to direct the court's attention to Alexander v. Fulton County, 207 F.3d 1303 (11th Cir. 2000), which addresses the evidence necessary to establish pretext in a promotion discrimination case:

> In a failure to promote case . . . a plaintiff cannot prove pretext by simply arguing or even by showing that [she] was better qualified than the [party] who received the position [she] coveted. A plaintiff must show not merely that the defendant's employment decisions were mistaken but that they were motivated by race. We have explained, "a plaintiff may not establish that an employer's proffered reason is pretextual merely by questioning the wisdom of the employer's reasons, at least not where . . . the reason is one that might motivate a reasonable employer."

Id. at 1339 (quoting Combs v. Plantation Patterns, 106 F.3d 1519, 1543 (11th Cir. 1997)).

The Alexander court further explained that, "disparities in

6

qualifications are not enough in and of themselves to demonstrate discriminatory intent unless those disparities are so apparent as virtually to jump off the page and slap you in the face." Id. at 1340 (citing Deines v. Texas Dept. of Protective and Regulatory Servs., 164 F.3d 277, 280 (5th Cir. 1999)).  While Cofield points out that she received positive evaluations and was recommended for the promotion to Plant Superintendent, Gold Kist does not dispute her qualifications.  Under the law, however, Stephens is permitted to make assessments of the ability of a person under consideration for promotion, and he may legally refuse to promote her.  All he may not do, for purposes of this dispute, is to refuse to promote her on account of her age.

In any event, Cofield's attempts to show pretext have no bearing on the fact that Bowen arguably had more experience. Cofield has failed to provide evidence that this particular nondiscriminatory reason for preferring Bowen is pretext.  The court's "role is to prevent unlawful hiring practices, not to act as a 'super personnel department' that second-guesses employers' business judgments."  Id. at 1340 (citing Simms v. Oklahoma ex rel. Dept. of Mental Health and Substance Abuse Servs., 165 F.3d 1321, 1329-30 (10th Cir. 1999)).  For this reason, Cofield's claims ultimately fail as a matter of law.  Accordingly, Gold Kist's motion for summary judgment will be granted by separate and appropriate order.

Done this 1st day of November, 2000

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE